IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA; | ) | |
| Plaintiff, | ) | Civil No. |
| v. | ) | |
| STEVEN M. BRAZILE, and | ) | |
| LORRAINE BRAZILE; | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Joshua M. Jones, Assistant United States Attorney for this District, upon information and belief and for its cause of action, alleges:

### JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America seeking avoidance of fraudulent transfers, and this Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2. This action is brought pursuant to 28 U.S.C. §§ 3301-3308 which provides the procedure for the United States to seek relief against a fraudulent transfer as to a debt owed to the United States

3. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391

4. Divisional venue is proper in the Eastern Division pursuant to L.R. 3-2.07(A)(1).

### PARTIES

5. Plaintiff is the United States of America.

6. Defendant Steven M. Brazile is a resident of St. Louis City, Missouri.

1

7.  Defendant Lorrain Brazile is a resident of St. Louis City, Missouri.

## FACTS COMMON TO ALL COUNTS

### Defendant Steven M. Brazile's Criminal Conviction

8.  On July 30, 2013, Defendant Steven M. Brazile pleaded guilty before the United States District Court for the Northern District of Illinois to one count of transportation of securities obtained by fraud, in violation of 18 U.S.C. § 2314. *See* N.D. Ill. Case No. 1:13-CR-00560.

9.  Prior to his conviction, Defendant Steven Brazile worked as a vice-president at Hillshire Brands (f/k/a Sara Lee Corporation) (hereinafter "Hillshire Brands"), and used his authority to approve false and fraudulent invoices for goods and services that were diverted to accounts controlled by Defendant Steven Brazile. As part of his voluntary plea agreement with the United States, Defendant Steven Brazile acknowledged that he owed restitution in the amount of $3,902,880.85.

10. Pursuant to 18 U.S.C. § 3613(c), the United States has a lien against all of Defendant Steven M. Brazile's property and rights to property by virtue of the criminal monetary judgment entered against him. This lien arose as of the date the U.S. District Court for the Northern District of Illinois entered judgment against him: November 13, 2013. *See* N.D. Ill. Case No. 1:13-CR-00560, Doc. #47.

11. As of the date of this pleading, Defendant Steven M. Brazile still owes $3,108,221.98 in restitution.[1]

12. Upon completion of his term of imprisonment, the Northern District of Illinois transferred Defendant Steven Brazile's criminal case to the Eastern District of Missouri, where he remains on supervised release. *See* E.D. Mo. Case No. 4:17-CR-00344-RLW.

---

[1] The United States is attempting to forfeit a vehicle belonging to Defendant Steven M. Brazile which, if successful, could reduce the current restitution balance.

2

### Defendant Steven M. Brazile's Pension Benefits

13. On November 3, 2015, the United States served Hillshire Brands with a "citation to discover assets" pursuant to 18 U.S.C. § 3613(a) and (f). Hillshire Brands responded by indicating that it had in its possession or control a pension benefit belonging to Defendant Steven M. Brazile.

14. Specifically, Hillshire Brands submitted to the United States an Answer indicating that Defendant Steven M. Brazile had a qualified salaried pension plan with the following payment schedule:

| Type of Payout | Amount |
|---|---|
| One-time lump sum benefit payable on April 1, 2016 (age 55) | $40,031.32 |
| Monthly annuity from age 55-65, beginning on April 1, 2016 | $117.29 per month |
| One-time lump sum benefit payable on April 1, 2026 (age 65) | $72,784.21 |
| Life-time annuity, beginning on April 1, 2026 | $368.71 per month |

15. Hillshire Brands submitted an amended Answer to the United States indicating that Defendant Steven M. Brazile has non-qualified supplemental executive retirement plan with the following scheduled benefits:

| Type of Payout | Amount |
|---|---|
| One-time lump sum payment paid in July 2010 | $18,496.73 |
| Monthly Payments | $1,258.89 per month 5-year installments |

### Defendants' Divorce Proceedings

16. Defendant Steven Brazile was married to Defendant Lorraine Brazile. On July 25, 2013. Defendant Lorraine Brazile filed a suit for dissolution of marriage with the Circuit Court of St. Louis County, Missouri, case number 13SL-DR04448. Defendant Lorraine Brazile filed for

divorce only a few days prior to Defendant Steven M. Brazile's change of plea hearing in his criminal case. Upon information and belief, and based on the facts set forth herein, the United States alleges that Defendants' divorce was a "sham divorce," done solely for the purpose of moving assets in order to prevent the United States using those assets to pay victim restitution.

17. On August 29, 2013, Defendants entered into a voluntary Property Settlement and Separation Agreement ("Property Agreement") as part of the divorce proceedings. On the same date, the St. Louis Circuit Court entered a final judgment of dissolution awarding Defendant Lorraine Brazile $1,700 a month in child support. To calculate the child support amount, Defendants used a monthly salary of $8,333. However, Defendant Steven M. Brazile reported to the U.S. Probation Office (as part of the presentence investigation conducted in his criminal case) that he had been unemployed since 2009. Upon information and belief, Defendants mutually agreed to the child support amount solely for the purpose of reducing the amount of Defendant Steven M. Brazile's future salary that could be garnished by the United States to pay victim restitution.

18. As part of the divorce judgment, Defendants agreed that Lorraine Brazile should receive a portion of Steven M. Brazile's pension benefit, and the divorce court ordered the Defendants to submit a qualified domestic relations order ("QDRO") to effect the transfer.

19. On August 24, 2016, Defendants submitted a QDRO (the "August QDRO") to the divorce court. The August QDRO assigned to Defendant Lorain Brazile 100% of Defendant Steven M. Brazile's April 2016 lump sum benefit amount ($40,031.32) and the monthly annuity benefits. Upon information and belief, Defendants submitted the August QDRO in an attempt to move assets from Defendant Steven M. Brazile (who owed criminal restitution) to Defendant Lorain Brazile (who did not) in an attempt to avoid paying restitution.

20. The judgment of dissolution entered by the divorce court awarded Defendant Lorraine Brazile essentially all of the marital assets that were not subject to forfeiture. The following chart shows those assets awarded to Defendant Lorraine Brazile and those assets awarded to Defendant Steven M. Brazile.

| Marital Asset | Value in marital settlement | % Awarded to Steven | % Awarded to Lorraine | Value Awarded to Steven | Value Awarded to Lorraine |
|---|---|---|---|---|---|
| 4715-17 Vienna Ave | $145,000 | 0% | 100% | $0 | $145,000 |
| Honda Odyssey | $5,000 | 0% | 100% | Forfeited | |
| First Community CU Checking | $86,600 | 0% | 100% | $0 | $86,600 |
| BOA Checking | $54,982 | 0% | 100% | $0 | $54,982 |
| BOA Savings | $18,983 | 0% | 100% | $0 | $18,983 |
| Oppenheimer acct. | $750,000 | 0% | 100% | Forfeited | $500,000 |
| Lincoln Benefit Universal Life | $15,437 | 0% | 100% | $0 | $15,437 |
| Lincoln Benefit Universal Life | $29,185 | 0% | 100% | $0 | $29,185 |
| Fidelity IRA | $3,000 | 0% | 100% | $0 | $3,000 |
| Fidelity IRA Rollover | $4,000 | 0% | 100% | $0 | $4,000 |
| Hillshire Brand Pension | $164,646 | 69% | 31% | $112,816 | $51,831 |
| Fidelity IRA | $95,000 | 0% | 100% | $0 | $95,000 |
| GTO | $65,000 | 100% | 0% | Forfeited | $0 |
| Mustang | $70,000 | 100% | 0% | Forfeited | $0 |
| Trailer | $6,500 | 100% | 0% | Forfeited | $0 |
| Trailer | $3,000 | 100% | 0% | Forfeited | $0 |
| Silverado | $13,000 | 100% | 0% | Forfeited | $0 |
| GTO | $70,000 | 100% | 0% | Forfeited | $0 |
| Suburban | $18,000 | 100% | 0% | Forfeited | $0 |
| Volvo | $3,000 | 100% | 0% | Forfeited | $0 |
| Chevrolet | $3,000 | 100% | 0% | Forfeited | $0 |
| Cougar | $5,000 | 100% | 0% | Forfeited | $0 |
| Firebird | $7,000 | 100% | 0% | Forfeited | $0 |
| GTO | $6,500 | 100% | 0% | Forfeited | $0 |
| Mustang | $5,000 | 100% | 0% | Forfeited | $0 |
| Firebird | $1,000 | 100% | 0% | Forfeited | $0 |
| Mustang | $7,000 | 100% | 0% | Forfeited | $0 |
| Chevelle | $3,000 | 100% | 0% | Forfeited | $0 |

| Grand Prix | $5,000 | 100% | 0% | Forfeited | $0 |
| Satellite | $5,000 | 100% | 0% | Forfeited | $0 |
| Catalina | $5,000 | 100% | 0% | Forfeited | $0 |
| F100 | $75,000 | 100% | 0% | Forfeited | $0 |
| Anheuser-Busch CU Account | $1,000 | 100% | 0% | Forfeited | $0 |
| PNC acct. | | 100% | 0% | $0 | $0 |
| PNC acct. | $126,674 | 100% | 0% | | $0 |
| E-Trade acct. | $2,000 | 100% | 0% | $2,000 | $0 |
| Oppenheimer IRA | $550,000 | 0% | 100% | $0 | $550,000 |
| Total | | | | $114,816 | $1,554,018 |

21. After Defendant Steven M. Brazile's release from the Bureau of Prisons, he moved into the family home awarded to Defendant Lorraine Brazile as part of the divorce. Furthermore, he started working for American Medical Billing Exchange, a company owned by Defendant Lorraine Brazile. Despite the fact that her ex-husband—who was ordered to pay child support to her—was working for her, Defendant Lorraine Brazile did not garnish his wages to pay child support.

22. On June 23, 2016, the United States filed a motion in the United States District Court for the Northern District of Illinois for turnover with respect to the lump sum benefits owed by Hillshire Brands to Defendant Steven M. Brazile. Defendant Steven M. Brazile responded to the motion by arguing that the August QDRO assigned 100% of the $40,031.32 lump-sum benefit to Defendant Lorrain Brazile, and that the August QDRO took priority over the United States' judgment lien.

23. Upon learning that the United States may have a superior interest in the upcoming April 2026 lump-sum benefit of $72,784.21, Defendants submitted a second QDRO to the divorce court on November 30, 2016 (the "November QDRO"). The November QDRO purported to assign Defendant Lorraine Brazile 100% of the interest in the April 2026 lump-sum benefit. Upon information and belief, Defendants submitted the November QDRO in order to shield those assets from seizure by the United States.

6

24.     The activities by Defendants throughout the divorce proceedings, including the August QDRO and November QDRO, demonstrate that they actively attempted to move the vast majority of non-exempt assets solely to Defendant Lorrain Brazile in order to shield the assets from seizure by the United States. This is further demonstrated by the inequitable distribution of marital assets shown in the chart above, and the fact that Defendants overstated their incomes in order to justify a high monthly child support payment owed by Defendant Steven M. Brazile to Defendant Lorraine Brazile (as Defendants are aware, child support payments are exempt from levy).

25.     Upon information and belief, Defendants did not make the divorce court aware of the criminal conviction or Defendant Steven M. Brazile's obligation to pay millions of dollars to the victim of his crime.

<u>July 2016 Deposition Testimony</u>

26.     On July 25, 2016, the United States deposed Defendant Steven M. Brazile regarding his financial assets. During the deposition, Defendant Steven M. Brazile testified that his ex-wife was represented by counsel throughout the divorce, and that he proceeded pro se.

27.     When questioned about the inequitable distribution of marital assets, Defendant testified as follows:

> Q:   What I'm trying to determine is how did this come about that your wife received all the assets in the divorce other than the vehicles that would soon be subject to forfeiture?
>
> A:   I think that's a question for Lorraine's attorneys. You know, I was in—I had—you know, my take all during the period of time was I had behaved terribly and Lorraine was suing me for divorce; so I was trying to follow the advice of legal counsel and that's what I did.
>
> Q:   But you didn't have a retained attorney for the divorce?
>
> A:   Me? No. Lorraine did.

7

September 2017 Home Visit

28. On September 13, 2017, probation officers for the Eastern District of Missouri conducted a home visit at Defendants' home. While there, they discovered that Defendant Steven M. Brazile is living with Defendant Lorraine Brazile (his ex-wife) and their children. During interviews, Defendant Steven M. Brazile admitted to the probation officers that he was living with his ex-wife, raising their kids together as a "family." Defendants send their three kids to private and costly high schools. Upon information and belief, Defendants share the same bed at their family residence.

29. The facts learned as a result of the probation officer's home visit further demonstrates that Defendants entered into a "sham divorce" for the sole purpose of transferring assets to Defendant Lorraine Brazile that could otherwise have been used to pay victim restitution.

### COUNT I-FRAUDULENT TRANSFER IN VIOLATION OF 28 U.S.C. § 3304(A)(2)
### AGAINST ALL DEFENDANTS

30. The United States restates the allegations and averments contained in Paragraphs 1-29 as if fully set forth herein.

31. Defendants' transfer of property as part of their "sham divorce" was a fraudulent transfer.

32. The debt owed as a result of the criminal judgment arose before the transfers described above, and is therefore an antecedent debt.

33. The assets transferred to Defendant Lorraine Brazile's as part of the final divorce decree and subsequent QDROs could have been used to pay victim restitution. The United States is required by the Mandatory Victim Restitution Act to use available assets to help pay the victims of crime. Defendants have frustrated the United States' ability to obtain restitution by fraudulently inequitably transferring funds from Defendant Steven M. Brazile to Defendant Lorraine Brazile as part of their "sham divorce."

34. Defendant Steven M. Brazile made the transfer described above to an insider, Defendant Lorraine Brazile, his then wife.

35. Defendant Steven M. Brazile, recognized, or should have recognized, that his liability pursuant to the restitution order would be substantially more than his net worth and his ability to pay those judgments.

36. Defendant Lorraine Brazile had reasonable cause to believe that the restitution judgment against Defendant Steven M. Brazile was substantially more than his net worth and his ability to pay those judgments.

WHEREFORE, the United States prays this Court enter judgment in its favor, against Defendants, and grant the following relief:

 a. Order that the division of property and award of pension benefits and child support included in the final judgment in Defendants' divorce case, and subsequent QDROs, fraudulent and void;

 b. Enter judgment in favor of the United States against Defendants for the full value of the property (including pension benefits and child support orders) transferred from Defendant Steven M. Brazile to Defendant Lorraine Brazile as part of the final judgment in their divorce case and subsequent QDROs;

 c. Order that, pursuant to 18 U.S.C. § 3613(c), the United States has a lien against that property fraudulently transferred from Defendant Steven M. Brazile to Defendant Lorraine Brazile, such that the United States can take immediate action to seize that property to pay victim restitution; and

 d. Award the United States such other relief as may be appropriate and just.

### COUNT II–FRAUDULENT TRANSFER IN VIOLATION OF 28 U.S.C. § 3304(B)(1)(A) AGAINST ALL DEFENDANTS

9

37. The United States restates the allegations and averments contained in Paragraphs 1-36 as if fully set forth herein.

38. Defendant Steven M. Brazile made the transfers to Defendant Lorraine Brazile with actual intent to hinder, delay, or defraud the United States, a creditor.

39. Defendant Steven M. Brazile made the transfers described above to an insider, Defendant Lorraine Brazile, his then wife. *See* 28 U.S.C. § 3304(b)(2)(A).Defendant Steven M. Brazile made the transfers to Defendant Lorraine Braile after Defendant Steven M. Brazile entered into a Plea Agreement whereby he acknowledged that the total amount of restitution owed would be $3,902,880.85. *See* 28 U.S.C. § 3304(b)(2)(D) and (J).

40. The transfer made pursuant to the Property Agreement and subsequent QDROs was substantially all Defendant Steven M. Brazile's assets and Steven M. Brazile became insolvent after the transfer. *See* 28 U.S.C. § 3304(b)(2)(E) and (I).

41. WHEREFORE, the United States prays this Court enter judgment in its favor, against Defendants, and grant the following relief:

　　a. Order that the division of property and award of pension benefits and child support included in the final judgment in Defendants' divorce case, and subsequent QDROs, fraudulent and void;

　　b. Enter judgment in favor of the United States against Defendants for the full value of the property (including pension benefits and child support orders) transferred from Defendant Steven M. Brazile to Defendant Lorraine Brazile as part of the final judgment in their divorce case and subsequent QDROs;

　　c. Order that, pursuant to 18 U.S.C. § 3613(c), the United States has a lien against that property fraudulently transferred from Defendant Steven M. Brazile to Defendant

Lorraine Brazile, such that the United States can take immediate action to seize that property to pay victim restitution; and

d. Award the United States such other relief as may be appropriate and just.

### COUNT III-FRAUDULENT TRANSFER IN VIOLATION OF 28 U.S.C. § 3304(B)(1)(B) AGAINST ALL DEFENDANTS

42. The United States restates the allegations and averments contained in Paragraphs 1-41 as if fully set forth herein.

43. Defendant Steven M. Brazile made the transfers described above without receiving a reasonably equivalent value in exchange for the transfer.

44. Defendant Steven M. Brazile, recognized, or should have recognized, that his liability pursuant to the restitution order would be substantially more than his net worth and his ability to pay those judgments.

WHEREFORE, the United States prays this Court enter judgment in its favor, against Defendants, and grant the following relief:

a. Order that the division of property and award of pension benefits and child support included in the final judgment in Defendants' divorce case, and subsequent QDROs, fraudulent and void;

b. Enter judgment in favor of the United States against Defendants for the full value of the property (including pension benefits and child support orders) transferred from Defendant Steven M. Brazile to Defendant Lorraine Brazile as part of the final judgment in their divorce case and subsequent QDROs;

c. Order that, pursuant to 18 U.S.C. § 3613(c), the United States has a lien against that property fraudulently transferred from Defendant Steven M. Brazile to Defendant Lorraine Brazile, such that the United States can take immediate action to seize that property to pay victim restitution; and

11

    d.  Award the United States such other relief as may be appropriate and just.

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney


        /s *Joshua M. Jones*
        Joshua M. Jones, Mo. Bar #61988
        Assistant United States Attorney
        Thomas F. Eagleton U.S. Courthouse
        111 South Tenth Street, 20th Floor
        St. Louis, MO 63102
        (314) 539-2310
        Fax: (314) 539-2287
        joshua.m.jones@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

United States of America                    )
                                             )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )   Case No.
                                             )
Steven M. Brazile &                          )
Lorraine Brazile          ,                  )
                                             )
                Defendant,                   )
                                             )

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐  THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____ AND ASSIGNED TO THE HONORABLE JUDGE _____.

☒  THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY PREVIOUSLY FILED COMPLAINT. THE RELATED CASE NUMBER IS 4:17-CR-344 AND THAT CASE WAS ASSIGNED TO THE HONORABLE Ronnie L. White. THIS CASE MAY, THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☐  NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 01/11/2018                    /s/ Joshua M. Jones
                                    Signature of Filing Party

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua M. Jones, Assistant United States Attorney (314.539.2310)
111 S. 10th Street, Ste 20.333
St. Louis, Missouri 63102

## DEFENDANTS
Steven M. Brazile & Lorraine Brazile

County of Residence of First Listed Defendant  St. Louis City
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 3304
Brief description of cause:
Suit to set aside fraudulent transfer of property and other relief

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  Ronnie L. White
DOCKET NUMBER  4:17-CR-344

DATE  01/11/2018
SIGNATURE OF ATTORNEY OF RECORD  /s/ Joshua M. Jones

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. |
| Steven M. Brazile & Lorraine Brazile | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Steven M. Brazile
4715 Vienna Avenue
Saint Louis, MO 63109


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Joshua M. Jones
Assistant United States Attorney
111 S. 10th Street, Ste 20.333
St. Louis, MO 63102


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:
.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                                    _____
                                                                            *Server's signature*

                                                                            _____
                                                                            *Printed name and title*


                                                                            _____
                                                                            *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| Steven M. Brazile & Lorraine Brazile | ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Lorraine Brazile
4715 Vienna Avenue
Saint Louis, MO 63109

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Joshua M. Jones
Assistant United States Attorney
111 S. 10th Street, Ste 20.333
St. Louis, MO 63102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: