# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18CV56 RLW |
| ) | |
| STEVEN M. BRAZILE and ) | |
| LORRAINE BRAZILE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Lorraine Brazile's and Steven Brazile's separate Motions to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (ECF Nos. 7, 14). The Government has filed a response in opposition, and Defendants Lorraine Brazile and Steven Brazile (collectively "Defendants") have filed reply briefs. Upon review of the motions and related memoranda, the Court will deny Defendants' motions to dismiss.

## I. Background

On July 30, 2013, Defendant Steven Brazile pleaded guilty to one count of transportation of securities obtained by fraud, in violation of 18 U.S.C. § 2314. (Compl. ¶ 8, ECF No. 1); *United States v. Brazile*, No. 1:13-CR-00560 (N.D. Ill.). Steven Brazile previously worked as a vice-president at Hillshire Brands and approved false and fraudulent invoices for goods and services which were diverted to accounts that Steven Brazile controlled. (Compl. ¶ 9) As part of Steven Brazile's plea agreement with the Government, he acknowledged that he owed restitution in the amount of $3,902,880.85. (*Id.*) The Government has a lien against Steven Brazile's property and rights to property under 18 U.S.C. § 3613(c) as a result of the judgment entered

against him on November 13, 2013 in the Northern District of Illinois. (*Id.* at ¶ 10) According to the Government, Steven Brazile still owes $3,108, 221.98 as of the date the present case was initiated. (*Id.* at ¶ 11)

Upon completion of his term of imprisonment, the Northern District of Illinois transferred the criminal case to the Eastern District of Missouri, where Steven Brazile is on supervised release. (*Id.* at ¶ 12); *United States v. Brazile*, No. 4:17CR344 RLW (E.D. Mo.). Pursuant to a citation to discover assets served on Hillshire Brands on November 3, 2015, the company indicated that Defendant Steven Brazile had a qualified salaried pension plan and a non-qualified supplemental executive retirement plan. (Compl. ¶¶ 13-15)

On July 25, 2013, Lorraine Brazile, then wife of Steven Brazile, filed a suit for dissolution of marriage in the Circuit Court of St. Louis County, Missouri. (*Id.* at ¶ 16) On August 29, 2013, Defendants entered into a voluntary Property Settlement and Separation Agreement ("Agreement"), and the court entered a final judgment of dissolution awarding Lorraine Brazile child support and a portion of Steven Brazile's pension benefit. (*Id.* at ¶¶ 17-18) On August 24, 2016, Defendants submitted a qualified domestic relations order ("QDRO") to the divorce court which assigned to Lorraine Brazile 100% of Steven Brazile's lump sum benefit amount and monthly annuity benefits. (*Id.* at ¶ 19) The Government alleges that the state court judgment awarded Lorraine Brazile all of the marital assets that were not subject to forfeiture and that Defendants agreed to such arrangement in the divorce proceedings to avoid paying restitution in Steven Brazile's criminal case. (*Id.* at ¶¶ 16, 19-20, 22-24)

In September 2017, probation officers conducted a home visit at Defendants' home and discovered that Steven Brazile and Lorraine Brazile are living together with their children and are raising their kids together as a "family." (*Id.* at ¶ 28) The Government contends that this

demonstrates that the Defendants entered into a "sham divorce" to transfer assets to Defendant Lorraine Brazile that could have been used to pay victim restitution. (*Id.* at ¶ 29) On January 12, 2018, the Government filed a three count civil Complaint against Defendants alleging fraudulent transfer in violation of 28 U.S.C. § 3304. (*Id.* at ¶¶ 30-44) In response, Defendants filed the motions to dismiss now before the Court.

## II. Legal Standard

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

To dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "'the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.'" *Swiish v. Nixon*, No. 4:14-CV-2089 CAS, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)). "The standard for a

3

motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1)." *Id.*

### III. Discussion

Both Defendants raise the same grounds for dismissal in their motions to dismiss. Therefore, the Court will address the motions together. The Defendants assert that the Court lacks subject matter jurisdiction because the Government's claims involve an impermissible invalidation and/or relitigation of a state court judgment. The Court construes this as a facial attack on the Government's Complaint. "A facial attack challenges subject matter jurisdiction based on the allegations in the complaint and in deciding the motion, the Court presumes all of the factual allegations in the complaint are true." *Gaylor v. GS Brentwood LLC,* NO. 4:11-CV-506 CAS, 2011 WL 5079588, at *1 (E.D. Mo. Oct. 25, 2011) (citation omitted).

Here, Defendants claim that under the *Rooker–Feldman* doctrine, federal courts do not have jurisdiction over challenges to state court decisions such as the state divorce decree in this matter. Defendants argue that the Government's claims collaterally challenge the Order of Dissolution and subsequent orders and judgments pertaining to Defendants' divorce proceedings. The Government responds that the *Rooker-Feldman* doctrine does not preclude the Court from exercising subject matter jurisdiction because the doctrine is narrowly applied in cases where the losing party in state court requests federal district court review of a state court judgment. The Court agrees that the doctrine is narrow and is not applicable to this case.

"Under what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis,* 546 U.S. 459, 463 (2006). The *Rooker-Feldman* doctrine "applies only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments

4

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Further, "the Rooker–Feldman doctrine 'may be inapplicable where federal plaintiffs have not been given a reasonable opportunity to raise their federal claims in the state proceedings.'" *Id.* at 964-65 (quoting *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004)). *Rooker–Feldman* does not apply where the federal plaintiff was not a party in state court. *Id.* at 965 (citing *Lance*, 546 U.S. at 466).

Here, the divorce proceedings began around the time that Steven Brazile entered into a plea agreement in the Northern District of Illinois and were concluded prior to the judgment and sentence imposed on Steven Brazile. Further, the case was not transferred to the Eastern District of Missouri until after Steven Brazile was released from prison in July 2017, well after the QDRO transferring all of Steven Brazile's benefits to Defendant Lorraine Brazile. The Court finds that the Government was not party to the state court proceedings, nor did it have a reasonable opportunity to raise its claims of fraudulent transfer in those proceedings. Thus, the Court concludes that the *Rooker-Feldman* doctrine does not apply, and the Court has subject matter jurisdiction over the Government's Complaint against the Defendants.[1]

Defendants also argue that the Complaint should be dismissed for failure to state a claim. With respect to Count I, fraudulent transfer in violation of 28 U.S.C. § 3304(a)(2), the statute provides, that as to a debt arising before transfer, "a transfer made or obligation incurred by a

---

[1] The Court notes Defendants' public policy argument that the Court's ruling would "open every state court divorce proceeding." The Court disagrees with this assertion and further notes that courts have allowed fraudulent transfer cases to go forward where the Complaint seeks to set aside property transfers in divorces. *See, e.g., United States v. Schippers*, 982 F. Supp. 2d 948 (S.D. Iowa 2013); *United States v. Kirtland*, No. 11-4090-JTM, 2012 WL 4463447 (D. Kan. Sept. 27, 2012).

5

debtor is fraudulent as to a debt to the United States which arises before the transfer is made or the obligation is incurred if . . . the transfer was made to an insider for an antecedent debt, the debtor was insolvent at the time; and the insider had reasonable cause to believe that the debtor was insolvent." 28 U.S.C. § 3304(a)(2)(A)&(B). The Court finds that the Government has sufficiently stated that Steven Brazile owed the Government a debt pursuant to the criminal judgment before the transfer of property, and specifically the QDROs, to Lorraine Brazile, an insider. Further, the Government has alleged that Steven Brazile transferred property to Lorraine Brazile pursuant to the divorce decree and that Lorraine Brazile knew that the liability under the restitution order outweighed his net worth and ability to pay the criminal restitution judgment. Thus, the Court finds that, at this stage of the proceedings, the Government has adequately stated a plausible claim for relief under 28 U.S.C. § 3304(a)(2), and Defendants' motion to dismiss Count I will be denied. *See United States v. Adamson*, No. 4:08-CR-00272-BLW, 2014 WL 1652659, at *2 (D. Idaho Apr. 23, 2014) (finding the elements required by § 3304(a) were present where a criminal defendant entered into a marital agreement with his insider wife to frustrate the Government in its efforts to collect $7 million in back taxes after his conviction, where the restitution order far exceeded the defendant's assets).

In Counts II and III, the Government alleges that Steven Brazile transferred property to Lorraine Brazile with intent to hinder, delay, or defraud the United States under 28 U.S.C. § 3304(b)(1)(A) (Count II) and without receiving a reasonably equivalent value in exchange for the transfer under 28 U.S.C. § 3304(b)(1)(B) (Count III). With respect to these counts, the Court finds that Defendants repeatedly refer to evidence outside the pleadings in their motions to dismiss. Specifically, Defendants make several references to the Order of Dissolution and claims that the Government's allegations are an erroneous account of the property distribution

under the order. (ECF No. 7 pp. 9-10, 12-13; ECF No. 14 pp. 3-4) The Order of Dissolution is not now before this Court, nor is it a matter of public record. Rule 12(d) of the Federal Rules of Civil Procedure provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as a motion for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Therefore, the Court will treat Defendants' motions to dismiss Counts II and III as one for summary judgment. Further, "[b]ecause the motion does not include a statement of uncontroverted material facts as required by Local Rule 4.01(E), and discovery is not complete, the Court cannot determine whether a genuine fact dispute exists as to [the Government's] claims. Thus, granting defendant's motion for summary judgment would be premature." *Williams v. World Omni Fin. Corp.*, No. 4:10-CV-285 CEJ, 2011 WL 1585018, at *1–2 (E.D. Mo. Apr. 26, 2011). Therefore, the Court will deny Defendants' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lorraine Brazile's and Steven Brazile's separate Motions to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (ECF Nos. 7, 14) are **DENIED** as to Count I of the Government's Complaint.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss Counts II and III, converted to Motions for Summary Judgment are **DENIED.**

Dated this 22nd day of August, 2018.

                                                                    **RONNIE L. WHITE**
                                                                    **UNITED STATES DISTRICT JUDGE**