# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18CV56 RLW |
| ) | |
| STEVEN M. BRAZILE and ) | |
| LORRAINE BRAZILE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff United States of America's ("Government") Motion to Strike Jury Trial Demand. (ECF No. 35) The motion is fully briefed and ready for disposition. Upon review of the motions and related memoranda, the Court will grant the Government's motion.

## I. Background

On July 30, 2013, Defendant Steven Brazile pleaded guilty to one count of transportation of securities obtained by fraud, in violation of 18 U.S.C. § 2314. (Compl. ¶ 8, ECF No. 1); *United States v. Brazile*, No. 1:13-CR-00560 (N.D. Ill.). Steven Brazile previously worked as a vice-president at Hillshire Brands and approved false and fraudulent invoices for goods and services which were diverted to accounts that Steven Brazile controlled. (Compl. ¶ 9) As part of Steven Brazile's plea agreement with the Government, he acknowledged that he owed restitution in the amount of $3,902,880.85. (*Id.*) The Government has a lien against Steven Brazile's property and rights to property under 18 U.S.C. § 3613(c) as a result of the judgment entered against him on November 13, 2013 in the Northern District of Illinois. (*Id.* at ¶ 10) Upon completion of his term of imprisonment, the Northern District of Illinois transferred the criminal

case to the Eastern District of Missouri, where Steven Brazile is on supervised release. (*Id.* at ¶ 12); *United States v. Brazile*, No. 4:17CR344 RLW (E.D. Mo.). According to the Government, Steven Brazile still owed $3,108,221.98 as of the date the present case was initiated. (*Id.* at ¶ 11)

Prior to the entry of Steven Brazile's sentence and judgment, Lorraine Brazile, then wife of Steven Brazile, filed a suit for dissolution of marriage in the Circuit Court of St. Louis County, Missouri on July 25, 2013. (*Id.* at ¶ 16) On August 29, 2013, Defendants entered into a voluntary Property Settlement and Separation Agreement ("Agreement"), and the court entered a final judgment of dissolution awarding Lorraine Brazile child support and a portion of Steven Brazile's pension benefit. (*Id.* at ¶¶ 17-18) On August 24, 2016, Defendants submitted a qualified domestic relations order ("QDRO") to the divorce court which assigned to Lorraine Brazile 100% of Steven Brazile's lump sum benefit amount and monthly annuity benefits. (*Id.* at ¶ 19)

In the Complaint, the Government alleges that the state court judgment awarded Lorraine Brazile all the marital assets that were not subject to forfeiture and that Defendants agreed to such arrangement in the divorce proceedings to avoid paying restitution in Steven Brazile's criminal case. (*Id.* at ¶¶ 16, 19-20, 22-24) In September 2017, probation officers conducted a home visit and discovered that Steven Brazile and Lorraine Brazile (collectively "Defendants") are living together with their children and are raising their kids together as a "family." (*Id.* at ¶ 28) The Government contends that this demonstrates that the Defendants entered into a "sham divorce" to transfer assets to Defendant Lorraine Brazile that could have been used to pay victim restitution. (*Id.* at ¶ 29) The Government alleges fraudulent transfer in violation of 28 U.S.C. § 3304(a)(2) (Count I); fraudulent transfer in violation of 28 U.S.C. § 3304(b)(1)(A) (Count II); and fraudulent transfer in violation of 28 U.S.C. § 3304(b)(1)(B) (Count III).

In their respective Answers, Defendants made a demand for a jury trial. (ECF Nos. 28, 30) The Government has filed a motion to strike Defendants' demand for a jury trial on the basis that the Government is seeking only equitable relief and thus Defendants' are not entitled to a jury trial.

## II. Legal Standard

The Seventh Amendment to the United States Constitution codifies the right of trial by jury in federal court. U.S. Const. amend. VII; *see also* Fed.R.Civ.P. 38(a). "The Seventh Amendment applies only to lawsuits in which legal rights are adjudicated, and not to actions in which only equitable rights and remedies are decided." *Hellman v. Catalado*, No. 4:12CV02177 AGF, 2013 WL 4482889, at *2 (E.D. Mo. Aug. 20, 2013) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564 (1990); *Granfinanciera v. Nordberg,* 492 U.S. 33, 41 (1989)). Courts apply a two-pronged test as outlined in *Granfinanciera* in determining whether a particular action will resolve legal rights and provide a right to trial by jury or, conversely, will resolve only equitable rights and fall outside the purview of the Seventh Amendment. *Id.* (citing *Granfinanciera,* 492 U.S. at 42).

When applying the test in a statutory action, "'[f]irst, [courts] compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, [courts] examine the remedy sought and determine whether it is legal or equitable in nature.'" *Granfinanciera,* 492 U.S. at 42 (quoting *Tull v. United States,* 481 U.S. 412, 417–418 (1987) (citations omitted)). In this analysis, the second inquiry is more important than the first. *Id.* (citation omitted).

3

## III. Discussion

The Government has filed a motion to strike the Defendants' jury demand, asserting that the relief requested by the Government is equitable in nature. The Government reasons that the property transferred to Defendant Lorraine Brazile was subject to a lien obtained by the Government on Steven Brazile's property and rights to property by way of the criminal judgment issued by the U.S. District Court in the Northern District of Illinois. Thus, the Government argues that the cause of action is to enforce its restitution lien and does not seek damages. The Defendants, on the other hand, argue that the case is not equitable in nature because the Government does not have a lien against Lorraine Brazile's property and because the Government seeks a money judgment against Lorraine Brazile. Defendants therefore assert that the cause of action against Lorraine Brazile is characterized as legal rather then equitable.

The timeline in this case shows that Defendants were divorced on August 29, 2013, at which time the criminal judgment had not yet been entered against Steven Brazile. No lien attached to Steven Brazile's property until November 13, 2013, when the district court issued the judgment and ordered Steven Brazile to pay over $3 million in restitution. The Government seeks an order voiding the division of property and award of pension benefits and child support in the final divorce judgment and subsequent QDROs. The Government also prays for judgment in favor of the Government and against Defendants for the full amount of the property transferred to Lorraine Brazile as part of the final judgment in the divorce proceedings. Additionally, the Government seeks a lien against the transferred property to pay victim restitution.

The Government relies upon 28 U.S.C. §§ 3306(a) and 3307(b), which set forth the available remedies to the United States in fraudulent transfer actions. Section 3307(b) provides,

4

"to the extent a transfer is voidable in an action or proceeding by the United States under section 3306(a)(1), the United States may recover judgment for the value of the asset transferred, but not to exceed the judgment on a debt." 28 U.S.C. § 3307(b). Further, "[t]he judgment may be entered against– (1) the first transferee of the asset or the person for whose benefit the transfer was made . . . ." 28 U.S.C. § 3307(b)(1). Section 3307(b) applies where the remedies under § 3306(a) to set aside transfers and record a judgment lien are insufficient to "undo the fraud." *United States v. Sherrill*, 626 F. Supp. 2d 1267, 1275 (M.D. Ga. 2009). In such instances, "[t]he only way to restore the parties to the position they occupied before the fraudulent conveyances were made is to award damages to Plaintiff and against [Defendant]." *Id.*; *see also United States v. Septon*, No. 14-CV-1139 (PAM/JSM), 2016 WL 3030237, at *6-*7 (D. Minn. May 26, 2016) (finding that the Government's only remedy against ex-wife who accepted transferred funds from her ex-husband before and after sentencing and liquidated all assets was a money judgment that the Government could enforce against the ex-wife for payment of her ex-husband's restitution).

The Court finds that the statutory relief under § 3307 asks for a monetary judgment, and monetary judgments are generally legal in nature. "When a statute gives rise to a claim for legal relief, even if that claim is joined with one for equitable relief, the right to a jury trial on the legal claims exists." *Sherer v. Foodmaker, Inc.*, 921 F. Supp. 651, 652 (E.D. Mo. 1996). The Government provides no support for its proposition that because § 3307(b) is an alternative remedy if § 3306(a) is insufficient, the remedies are equitable and not legal. "Generally, an action for money damages was 'the traditional form of relief offered in the courts of law.'" *Terry*, 494 U.S. at 570 (quoting *Curtis v. Loether*, 415 U.S. 189, 196 (1974)).

5

However, the inquiry does not end there. The Government argues that no jury trial is permitted because the Government is seeking restitution in equity, not in law. The Court agrees. Courts "have characterized damages as equitable where they are restitutionary, such as in 'action[s] for disgorgement of improper profits.'" *Id.* (quoting *Tull v. United States*, 481 U.S. 412, 424 (1987)). "A plaintiff seeking a 'judgment imposing a merely personal liability upon the defendant to pay a sum of money' in return for 'some benefit that defendant had received from him' seeks restitution at law, not in equity." *Hellman*, 2013 WL 4482889, at *3 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2004)). In contrast, "equitable restitution ordinarily takes 'the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff can clearly be traced to particular funds or property in the defendant's possession.'" *Id.* (quoting *Knudson*, 534 U.S. at 213 (citation omitted)). Thus, restitution is equitable where the action seeks "not to impose on the defendant personal liability in the form of money damages, but to restore to the plaintiff particular funds or property in the defendant's possession." *Knudson*, 534 U.S. at 213.

Here, the Government does not seek monetary damages for a benefit Lorraine Brazile received but instead seeks restitution to the victim of Steven Brazile's embezzlement. The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires a district court to impose restitution when the defendant has been convicted of an offense against property under Title 18 of the United States Code, "including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). In the underlying criminal case, Steven Brazile was convicted of Transportation of Stolen Securities under 18 U.S.C. § 2314 and sentenced to pay restitution to the victim in accordance with the MVRA. *See United States v. Brazile*, No. 4:17CR344 RLW, ECF No. 2-2. The MVRA further "grants the Government the authority to use the collection

6

procedures of the Federal Debt Collection Procedures Act ("FDCPA") to enforce restitution ordered as part of a criminal sentence." *United States v. Schippers*, 982 F. Supp. 2d 948, 954 (S.D. Iowa 2013); *see also United States v. Yielding*, 657 F.3d 722, 726 (8th Cir. 2011) ("A civil action under the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 et seq., is the primary—but not the exclusive—procedure for collecting a restitution debt to the United States.").

The Court finds that, although Lorraine is not subject to the Government's lien by way of the criminal judgment, the relief the Government seeks is equitable damages stemming from an alleged fraudulent transfer of property that otherwise would have been used to pay restitution to the victim in this case. Tellingly, the Lorraine Brazile merely addresses this argument in a footnote in her surreply in opposition. (ECF No. 44 p. 3) Thus, the Court holds that Defendants are not entitled to a jury trial, and the Government's motion to strike will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to Strike Jury Trial Demand (ECF No. 35) is **GRANTED.**

Dated this 23rd day of August, 2019.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**